

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Shynnell Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Shynnell Walker" (2009). *2009 Decisions.* Paper 1253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-188                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1179
_____

UNITED STATES OF AMERICA

v.

SHYNNELL ISAAC WALKER,
a/k/a Shaw, a/k/a Shawnell

Shynnell Isaac Walker,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 05-cr-00211-005)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted for Possible Dismissal For Lack of Jurisdiction
or Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
May 14, 2009

Before: SLOVITER, FUENTES and JORDAN , Circuit Judges

(Opinion filed: June 1, 2009)

_____

OPINION
_____

PER CURIAM

Appellant Shynell Walker, a *pro se* prisoner, appeals from the District Court's denial of his "Formal Motion to Review and Investigate Issues For Approate [sic] disposition." For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

I.

On July 11, 2006, Walker pled guilty in the United States District Court for the Middle District of Pennsylvania to possession and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). On January 25, 2007, the Court sentenced Walker to 70 months of imprisonment. On September 9, 2008, Walker filed a "Formal Motion to Review and Investigate Issues For Approate [sic] disposition." After reviewing the motion, the Court denied it without prejudice, finding that such an action challenging his sentence should be filed pursuant to 28 U.S.C. § 2255.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court's order was entered on September 2, 2008. Walker filed his notice of appeal on January 13, 2009, well beyond the 60-day period prescribed by Fed. R. App. P. 4(a)(1)(B). The District Court's final order, however, was not accompanied by a separate judgment as required; thus, the time for filing an appeal did not begin to run with the issuance of that order. See Fed R. Civ. P. 58; see also See LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 223 (3d Cir. 2007). An order is considered a separate document only if (1) it is self-contained and separate from the opinion; (2) it

2

notes the relief granted; and (3) it omits (or at least substantially omits) the court's reasons for disposing of the claims. See LeBoon, 503 F.3d at 224. The District Court's order failed to satisfy the first and third criteria.

When a judgment is required to be set forth on a separate document, that judgment is not treated as entered until it is set forth on a separate document or until the expiration of 150 days after its entry in the civil docket under Fed. R. Civ. P. 79(a), whichever occurs first. See Fed. R. App. P. 4(a)(7)(A)(ii). Accordingly, entry of judgment and commencement of the 60-day period for filing a notice of appeal did not occur in this case until 150 days after docketing of the District Court's order, i.e., on February 6, 2009. See LeBoon, 503 F.3d at 223. As such, Walker's notice of appeal was timely and we have jurisdiction over the appeal. Id. at. 225.

We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Upon review, we agree with the District Court that Walker may raise his claims – which concern the legality of his indictment – only in a § 2255 motion. A § 2255 motion is the presumptive means by which a federal prisoner may challenge his conviction or sentence.[1] See Davis v. United States, 417 U.S. 333, 343-44 (1974). Walker has not shown that such a motion would be inadequate to address

_____

[1] We note that the filing of a § 2255 motion right now would be premature as Walker's direct appeal remains pending. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).

3

his claims.

As Walker's appeal presents no substantial question, we will summarily affirm.

See Third Cir. LAR 27.4; I.O.P. 10.6.